**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **ISIS C. ADAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.** |
| **v.** ) | **26-11334-BEM** |
| ) | |
| **DEPARTMENT OF CHILDREN AND** ) | |
| **FAMILIES,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER ON**
**PLAINTIFF'S MOTION TO AMEND**

**MURPHY, J.**

Plaintiff seeks to amend her complaint to add as a defendant Boston Housing Authority

("BHA") and add additional factual allegations and claims.  *See generally* Dkt. 100-1 ("Amended

Complaint" or "Am. Compl.").  Defendants did not respond to Plaintiff's motion.

In determining whether to grant a motion to amend, the Court must "examine the totality

of the circumstances and . . . exercise its informed discretion in constructing a balance of pertinent

considerations." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30–31 (1st Cir. 2006) (holding that a

district court may deny leave to amend when the request is characterized by "undue delay, bad

faith, futility, [or] the absence of due diligence on the movant's part").  "Whether a proposed

amendment is futile is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure

12(b)(6)." *Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 40 (1st Cir. 2022) (internal

quotation marks omitted).  As such, "the amended complaint [must] contain[] sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face . . . and contain[] no

other fatal defects." *Id.* (internal citations and quotation marks omitted).

Here, the Court concludes that claims against BHA are futile.  Plaintiff alleges nothing more than speculation that BHA's decision to "terminat[e] housing assistance" had anything to do with her ongoing dispute with the Department of Children and Families ("DCF").  *See* Am. Compl. ¶ 136 (identifying only timing as the basis for alleging coordination).  Further, Plaintiff makes no allegation from which the Court can reasonably infer that BHA even had any awareness of the DCF proceedings.  *See Garcia-Catalan v. United States*, 734 F.3d 100, 102–03 (1st Cir. 2013) ("At the pleading stage, the plaintiff need not demonstrate that she is likely to prevail, but her claim must suggest "more than a sheer possibility that a defendant has acted unlawfully." (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  As such, the motion to amend is DENIED to the extent it seeks to add BHA as a defendant.

The Court will not analyze whether the new claims against the remaining Defendants are futile, especially where Defendants have not filed any opposition.  The motion has been filed at an early stage of the litigation, and the factual allegations and claims appear to mostly mirror those from Plaintiffs original complaint.  *See* Dkt. 1.[1]  Both in the interests of judicial economy and in recognition that the Court can more reliably address the remaining challenges to the Amended Complaint by granting the motion to amend and permitting Defendants to file a new motion to dismiss that incorporates both their challenges to the prior complaint (to the extent that they remain

---

[1] The Court notes that while Plaintiff's earlier amended complaint, Dkt. 17-1, asserted only two claims against DCF, the Court permitted Plaintiff to amend her complaint again considering Plaintiff's representation that she had not intended to file the document as a complaint, *see* Dkt. 98; *see also* Dkt. 84 at 2 ("On April 14, 2026, Plaintiff inadvertently filed a document labeled as a complaint instead of a motion.").  Granting the motion to amend to reassert the claims from the original complaint does not unduly prejudice Defendants.  To the extent that the Amended Complaint asserts new claims, the Court finds that Defendants will not be unduly prejudiced by responding to these as well, given the substantial overlap in factual allegations and early stage of litigation.

viable in light of the amendment) and their challenges to Plaintiff's new allegations, the Court GRANTS the remainder of the motion to amend.

Plaintiff is instructed to file the Amended Complaint as a new stand-alone document, after removing the claims against BHA, by June 29, 2026.  After the Amended Complaint is so filed, Defendants shall file their responsive pleading within 14 days, pursuant to Federal Rule of Civil Procedure 15(a)(3).

**So Ordered.**

/s/ Brian E. Murphy

Brian E. Murphy

Dated: June 22, 2026                    Judge, United States District Court

3